**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KEILA SEVERINO, individually and on behalf of all other similarly situated persons,**<br><br>                          **Plaintiffs,**<br>**v.**<br>**AVONDALE CARE GROUP, LLC**<br>                          **Defendant.** | Case No.  21-10720<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Keila Severino, individually and on behalf of all other similarly situated current and former employees of Defendant Avondale Care Group, LLC, ("Avondale"), brings this Collective and Class Action against Defendant and alleges as follows:

**OVERVIEW**

1. Severino brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation. She brings these claims as a collective action on behalf of herself and all current or former home health aides employed by Avondale Care Group, LLC within the three (3) years preceding the filing of a consent to sue.

2. Severino also brings claims under New York's wage-and-hour laws, including New York Labor Law ("NYLL") Articles 6 and 19 and their implementing regulations, both individually and as a class action pursuant to Fed. R. Civ. P. 23 ("New York Class") for Avondale's failure to pay overtime wages for all hours worked, failure to pay spread of hours, and wage statement violations.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this collective action is brought under 29 U.S.C. § 216(b) of the FLSA.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1337 because the claims arise under federal laws regulating commerce.

5. This Court has supplemental jurisdiction over the state law claims by virtue of 28 U.S.C. § 1367, including § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs worked for Avondale in this District, the cause of action arose in this District, many Plaintiffs reside in this District, and Avondale resides in this District.

## PARTIES

**Plaintiffs**

7. Severino worked for Avondale as a home health aide from approximately fall of 2018 until the fall of 2019.

8. She worked for Avondale in New York, including in Manhattan.

9. Severino's consent to sue is attached hereto as Exhibit 1.

10. Severino is a resident of Massachusetts and during her employment with Avondale she was a resident of New Jersey.

11. The term "Plaintiffs" as used in this complaint refers to the Plaintiff and any and all putative FLSA or New York Class Member, as defined below.

**Defendant**

12. Avondale is a licensed home care services agency, authorized and credentialed by the New York Department of Health to operate and provide home care services to elderly, ill and disabled individuals in New York City.

13. Avondale is a limited liability company organized under the laws of New York State.

14. Avondale's offices are located at 505 8th Avenue, Suite 200, New York, New York 10018.

## FLSA COVERAGE

15. At all times hereinafter mentioned, Avondale is and has been an employer within the meaning of 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Avondale is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Avondale has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

19. Plaintiffs were employed by Avondale as home health aides who provided companionship and home care services for Avondale's elderly, ill or disabled clients.

20. Throughout their employment Avondale assigned Plaintiffs, including Severino, to care for patients in 24-hour shifts.

21. Upon information and belief, Avondale paid Plaintiffs, including Severino, the New York minimum wage for thirteen (13) hours of the 24-hour shift.

22. Plaintiffs were not compensated in accordance with the FLSA or the NYLL because they were not paid for all hours in a 24-hour shift and they were not paid overtime wages for all hours worked in excess of forty (40) hours a week.

23. Avondale did not regularly schedule sleeping periods for Severino.

24. Severino's sleep was regularly interrupted because she had to provide care for her assigned patients. For example, Severino would have to assist her patient at night if she wanted water, wet the bed, or complained about pain.

25. Because Severino's sleeping period was interrupted to work, she did not receive eight (8) hours of sleep time that was free from work.

26. Because Severino's sleeping period was interrupted to work, she did not receive five (5) hours of uninterrupted sleep.

27. Even though Severino's sleep period was interrupted to work, Avondale did not pay Severino for all or any portion of the sleep period.

28. Avondale did not provide or facilitate a regularly scheduled sleep period for Severino. Instead, Severino was forced to sleep when able, at different times each shift, depending upon the circumstances that existed each shift.

29. Avondale knew or should have known that Severino's sleep time was regularly interrupted to care for her assigned patients and that her sleep time was not regularly scheduled.

30. Severino called her supervisor to complain about working through sleep time, but her supervisor told her that Avondale only pays for thirteen (13) hours of a 24 hour shift.

31. Upon information and belief, Plaintiffs' sleep periods were not regularly scheduled, their 8-hour sleep periods were interrupted to work, they did not receive five (5) hours of uninterrupted sleep, and Avondale did not pay them for all or any portion of their sleep periods.

32. At all times relevant, Plaintiffs, including Severino, did not reside on their employer Avondale's premises.

33. Severino regularly worked during her three one-hour meal breaks to care for her patients. For example, during a meal break Severino's patient's colostomy bag broke. As a result, she had to remove the patient's soiled clothes, clean the patient, and put clean clothes on the patient.

34. Upon information and belief, Plaintiffs worked during their meal breaks and were not paid for the time spent working.

35. Avondale knew or should have known that Plaintiffs, including Severino, worked during their meal breaks.

36. Plaintiffs, including Severino, regularly worked more than forty (40) hours a week.

37. Plaintiffs were also regularly scheduled to and did work more than forty (40) hours in a week.

38. Plaintiff is aware of other current and former employees of Avondale who were subject to the same payroll practices described above.

39. As a result of Avondale's failure to pay Plaintiffs for time spent working during meal breaks and sleep periods, Plaintiffs were not paid for all of the hours they worked, including overtime wages.

40. Avondale failed to accurately track all of the hours Plaintiffs, including Severino, worked during their 24-hour shifts.

41. Avondale failed to track all of the hours Plaintiffs, including Severino, worked and whether Plaintiffs received bona fide sleep time and meal breaks.

42. Avondale suffered or permitted Plaintiffs to work during their meal and sleep breaks.

43. Avondale scheduled Plaintiffs, including Severino, to work more than ten (10) hours in a day.

44. Plaintiffs, including Severino, regularly worked more than ten (10) hours in a day.

45. Avondale did not pay Plaintiffs, including Severino, an additional one hour's pay at the New York minimum hourly rate when they worked more than ten (10) hours in a day.

46. The wage statements that Avondale provided to Plaintiffs did not list the accurate number of hours worked.

47. Avondale willfully violated the FLSA.

48. Avondale willfully failed to pay Plaintiffs, including Severino, for all hours worked during meal break and sleep periods.

## COLLECTIVE ACTION DEFINITION

49. Severino brings this case as a collective action under 29 U.S.C. § 216(b), comprised of:

> All current or former home health aides employed by Avondale Care Group, LLC within the three years preceding the filing of a consent to sue. ("FLSA Class Members").

50. Avondale is liable under the FLSA for failing to pay overtime wages for all hours Plaintiffs worked.

51. The Plaintiff and the FLSA Class Members work or have worked for Avondale and have been subjected to Avondale's policy and pattern or practice of failing to pay for all overtime wages for all hours worked in excess of forty (40) hours per week.

52. The Plaintiff's claim for overtime pay is similar to the claim of other FLSA Class Members and her claim depends on similar factual and legal questions including, but not limited to, whether Avondale knew or should have known that Plaintiff's and the FLSA Class Members' sleep periods were not regularly scheduled; whether Plaintiff and the FLSA Class Members worked during meal and sleep periods; whether Avondale failed and/or refused to pay Plaintiff and the FLSA Class Members overtime wages for all hours worked during the 24-hour shift; and whether Avondale's violations were willful.

53. There are numerous similarly situated employees who have been underpaid and injured in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Avondale, are readily identifiable, and can be located through Avondale records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

### RULE 23 NEW YORK CLASS ACTION DEFINITION

54. The class of similarly situated employees sought to be certified as the New York Class under Fed. R. Civ. P. 23 is defined as:

> All current or former home health aides employed in New York by Avondale, who worked a 24-hour shift in one or more weeks at

any time since six years prior to filing of complaint. ("New York Class Members").

55. Upon information and belief, the New York Class is composed of more than forty (40) individuals.

56. The Plaintiff and the New York Class Members work or have worked for Avondale as home health aides and have been subjected to Avondale's policy and pattern or practice of: failing to pay for all overtime wages for hours worked in excess of forty (40) hours per week; failing to pay spread of hours pay; and failing to provide accurate wage statements.

57. Avondale acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class appropriate.

58. There are questions of law and fact common to the New York Class including but not limited to:

   a. whether the NYLL requires Avondale to pay the New York Class Members overtime wages;

   b. whether Avondale failed to pay the New York Class Members their wages due in each pay period;

   c. whether Avondale failed and/or refused to pay the New York Class Members overtime pay for all hours worked in excess of forty (40) hours per workweek;

   d. whether Avondale correctly calculated and compensated the New York Class Members for hours worked in excess of forty (40) per workweek;

   e. whether Avondale must pay the New York Class Members for all hours of their 24-hour shifts;

    f. whether Avondale failed to keep true and accurate time records for all hours worked by the New York Class Members;

    g. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class Members;

    h. whether Avondale knew or should have known that the New York Class Members worked through their meal and/or sleep periods;

    i. whether Avondale failed to pay spread of hours pay;

    j. whether Avondale failed to provide accurate wage statements that reflected the accurate number of hours that the New York Class Members worked; and

    k. whether Avondale failed to provide accurate wage statements that reflected the accurate pay the New York Class Members earned.

59. The claims of the Plaintiff are typical of the claims of the New York Class she seeks to represent.

60. The Plaintiff and the New York Class Members work or have worked for Avondale as home health aides and have been subjected to its policy and pattern or practice of failing to pay for all hours worked and overtime wages for hours worked in excess of forty (40) hours per week. Avondale acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class Members appropriate.

61. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class Members.

    a. The Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the New York Class Members to represent their interests fairly

   and adequately.

  b. The Plaintiff recognizes that as class representative, she must represent and consider the interests of the New York Class Members just as she would represent and consider her own interests.

  c. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the New York Class Members.

  d. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class Members.

  e. The Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

62. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The New York Class Members have been damaged and are entitled to recovery as a result of Avondale's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis,* such damages are small compared

to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Avondale failed to pay overtime wages to Plaintiff and the FLSA Class Members for all hours worked over forty (40) in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

66. Avondale's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of the FLSA.

67. Avondale's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Class Members to suffer loss of wages and interest thereon, and they are entitled to recovery of unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

### SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAW, ARTICLE 19: UNPAID OVERTIME WAGES)

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Avondale failed to pay the Plaintiff and New York Class Members wages for all the hours they worked and overtime wages for hours worked over forty (40) in a workweek as required by NYLL, Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.2.

70. Avondale's failure to comply with New York wage-and-hour protections caused the Plaintiff and New York Class Members to suffer loss of wages and interest thereon.

### THIRD CAUSE OF ACTION: UNPAID NEW YORK SPREAD OF HOURS PAY
### (12 N.Y.C.R.R. § 142-2.4: On behalf of Plaintiff and the New York Class)

71. Plaintiff and the New York Class Members were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

72. Avondale's failure to pay spread of hours pay was willful.

73. By reason of the foregoing Avondale is liable to Plaintiff and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

### FOURTH CAUSE OF ACTION: NEW YORK WAGE STATEMENTS
### (New York Labor Law Article 6, § 195 (3): On behalf of Plaintiff and the New York Class)

74. New York Labor Law § 195(3) requires that employers furnish non-exempt employees such as Plaintiff and the New York Class Members with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

75. Avondale has engaged in a widespread pattern, policy, and practice of violating New York Labor Law § 195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

76. Avondale's failure to comply with New York Labor Law § 195(3) was willful.

77. By reason of the foregoing, Avondale is liable to Plaintiff and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Avondale as follows:

1. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Class Members at the earliest opportunity to ensure class their claims are not lost to the FLSA statute of limitations;

2. For an Order finding Avondale liable for unpaid back wages due Plaintiff and the FLSA Collective Members and for liquidated damages equal in amount to the unpaid compensation found due Plaintiffs under the FLSA;

3. For an Order awarding Plaintiff and the FLSA Class Members the costs of this action as provided under the FLSA;

4. For an Order awarding Plaintiff and the FLSA Class Members their attorneys' fees as provided under the FLSA;

5. For an Order awarding Plaintiff and the FLSA Class Members pre-judgment and post-judgment interest at the highest rates allowed by law; and

6. With respect to the New York Class:

    a. Certifying this action as a class action;

    b. Designating the Plaintiff as the Class Representative;

    c. Declaring that the practices complained of herein are unlawful under New York state law;

    d. Appointing the undersigned as class counsel;

    e. Ordering appropriate equitable and injunctive relief to remedy Avondale's violations of state law, including but not necessarily limited to an order enjoining Avondale from continuing its unlawful practices;

    f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Avondale according to proof;

    g.    Awarding pre-judgment and post-judgment interest, as provided by law;

    h.    Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

    i.    Awarding Plaintiff and the New York Class Members their attorneys' fees and costs of suit, including expert fees and costs.

7.    For an Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:   December 15, 2021

    Respectfully Submitted,

*/s/ Matt Dunn*
Matt Dunn
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
phone: (845)255-9370
fax: (845) 255-8649
Email: mdunn@getmansweeney.com

Philip Bohrer, Esq. (pro hac application to be filed)
Scott E. Brady, Esq. (pro hac application to be filed)
BOHRER BRADY LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Tel: 225-925-5297
Fax: 225-231-7000
E-mail: Phil@bohrerbrady.com
E-mail: Scott@bohrerbrady.com