```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEILA SEVERINO, individually and behalf of                  :
all other similarly situated persons,                       :
                               Plaintiff,                   :   21 Civ. 10720 (LGS)
                                                            :
                 -against-                                  :         ORDER
                                                            :
AVONDALE CARE GROUP, LLC,                                   :
                               Defendant.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 26, 2022, Defendant filed a pre-motion letter in anticipation of filing a motion to dismiss the Complaint and a motion to strike the consent-to-join forms filed in this action.

WHEREAS, on May 3, 2022, Plaintiff filed a letter in opposition and requested three weeks to amend the Complaint to address Defendant's concerns.  It is hereby

**ORDERED** that by **May 27, 2022**, Plaintiff shall file an Amended Complaint.  It is further

**ORDERED** that by **June 3, 2022**, Defendant shall file a letter stating whether it intends to answer or move in response to the Amended Complaint.  It is further

**ORDERED** that with respect to Defendant's anticipated motion to strike, the parties are directed to meet and confer to agree on a corrective notice to be provided to opt-ins, as well as corrections to any ongoing solicitation.  By **May 20, 2022**, the parties shall file a joint letter either (i) confirming that they have agreed on such notice and corrections or (ii) submitting the amended notice and solicitation, indicating side-by-side or in footnotes any provisions on which the parties cannot agree.  It is further

**ORDERED** that by **May 20, 2022**, given the lenient standard for conditional

certification, *see Varghese v. JP Morgan Chase & Co.*, Nos. 14 Civ. 1718, 15 Civ. 3023, 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016) ("Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one . . . ." (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006))), the parties shall meet and confer and file a letter apprising the Court of whether the parties will stipulate to conditional certification of a FLSA collective and the form of notice, reserving all of Defendant's rights to object to any final certification under the more rigorous standard that applies at that stage, and without prejudice to any motion to dismiss. The form of notice may be in lieu of the corrective notice and solicitation referenced above.

Dated: May 9, 2022
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**