USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keila Severino, individually and behalf of all other similarly situated persons,

                                    Plaintiff,

-against-

Avondale Care Group, LLC,

                                   Defendant.

1:21-cv-10720 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

        WHEREAS, on December 15, 2021, the Complaint in this case was filed (ECF No. 1); and

        WHEREAS, on January 31, 2022, Judge Schofield scheduled an initial pretrial conference to be held on March 16, 2022 (ECF No. 13); and

        WHEREAS, on March 10, 2022, Judge Schofield adjourned the March 16, 2022 conference until May 2022 "to permit Defendant the opportunity to file a pre-motion letter in anticipation of a motion to compel arbitration or motion to dismiss, pursuant to this Court's Individual Rules" (ECF No. 39); and

        WHEREAS, on May 23, 2022, this case was referred to the undersigned for general pretrial purposes, and thereafter the parties litigated before me a dispute regarding the content of a corrective notice to be sent (ECF Nos. 71, 75, 79); and

        WHEREAS, on August 10, 2022, Plaintiffs filed a motion to conditionally certify this case as a Fair Labor Standards Act collective action (ECF No. 106); and

WHEREAS, Plaintiffs have represented to the Court that, "[o]n September 16, 2022, the parties propounded interrogatories and requests for production of documents" (ECF No. 146 at 3 n.11); and

WHEREAS, on September 21, 2022, Defendant filed a memorandum in opposition to conditional certification in which Defendant argues, among other things, that (1) "[c]onsideration of [Plaintiffs'] motion [for conditional certification] should be deferred until the Court has ruled on [Defendant's] motion to compel arbitration;" (2) conditional certification should be denied because the collective as defined is not ascertainable; and (3) Plaintiffs' proposed notice and consent form must be amended (ECF No. 139, at 5-8, 18-20); and

WHEREAS, on October 12, 2022, Plaintiffs filed reply papers in which, among other things (1) Plaintiffs assert that Defendants waived its right to arbitration; (2) Plaintiffs "agree to redefine the collective;" and (3) Plaintiffs provide a revised form of Notice and Consent to Join (ECF No. 146 at 1-4; ECF No. 147-1); and

WHEREAS, Defendant have yet to file a pre-motion letter in anticipation of a motion to compel arbitration.

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. No later than October 20, 2022, Defendant shall show cause in a written submission to be filed to the ECF docket, not exceeding 15 pages, why Defendant has not waived any right to arbitration.

2. In the submission to be filed pursuant to paragraph 1 above, Defendant may include arguments regarding (a) the collective as redefined by Plaintiffs, and (b) Plaintiffs' revised form of Notice and Consent to Sue.

3. No later than October 27, 2022, Plaintiffs may file a response to Defendant's foregoing submission.

**SO ORDERED.**

Dated:	New York, New York
	October 13, 2022

_____
STEWART D. AARON
United States Magistrate Judge