UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keila Severino, individually and behalf of all other similarly situated persons,

                  Plaintiffs,

-against-

Avondale Care Group, LLC,

                  Defendant.

1:21-cv-10720 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Keila Severino ("Severino"), Khady Gueye ("Gueye") and Delsa Jimenez ("Jimenez") (collectively, "Plaintiffs") bring this action individually, and on behalf of all others similarly situated, against Defendant Avondale Care Group, LLC ("Defendant" or "Avondale"), pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege, among other things, that Plaintiffs were not compensated in accordance with the FLSA or the NYLL because they were not paid for all hours in a 24-hour shift and they were not paid overtime wages for all hours worked in excess of forty (40) hours a week. (*See* First Am. Compl. ("FAC"), ECF No. 78, ¶ 48.)

Presently before the Court is Plaintiffs' motion to conditionally certify a FLSA collective and to permit court-supervised notification to putative collective members. (*See* Pls.' 8/10/22 Not. of Mot., ECF No. 106.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiffs make the following allegations:[1]

Avondale is a licensed home care services agency, authorized and credentialed by the New York Department of Health to operate and provide home care services to elderly, ill and disabled individuals in New York City and Westchester County. (FAC ¶¶ 20-21.) To care for its patients, Avondale has employed thousands of home health aides ("HHAs"). (Yau Decl., ECF No. 108, ¶ 5.) HHAs performed the same job duties, which included assisting patients with activities of daily living, such as bathing, going to the bathroom, dressing and household chores, and accompanying the patients to doctors' appointments. (*See*, *e.g.*, Severino Decl., ECF No. 109, ¶¶ 9-10; Gueye Decl., ECF No. 110, ¶¶ 9-10; Jimenez Decl., ECF No. 111, ¶¶ 9-10.) Plaintiffs worked as live-in HHAs who remained in the patients' residences for 24 hours and Avondale scheduled them to work multiple consecutive 24-hour shifts in a workweek. (Severino Decl. ¶¶ 7, 25; Gueye Decl. ¶¶ 7, 25; Jimenez Decl. ¶¶ 7, 24.)

For their work, Avondale paid HHAs the minimum hourly wage or a day rate that was the equivalent of an hourly rate at the applicable New York minimum wage for 13 hours and they were not paid for 11 of the 24-hours, even though they were required to remain in the patients' residences for the entire 24-hour period of each day they worked. (*See*, *e.g.*, Severino Decl. ¶¶ 24-25; Gueye Decl. ¶ 25; Jimenez Decl. ¶¶ 23-24.) Avondale did not pay live-in HHAs for three

---

[1] At the conditional certification stage, courts "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (citing *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (internal quotation marks omitted). Accordingly, for the purposes of resolving the collective certification motion, I treat the facts alleged by Plaintiffs as true. *See Cortes v. New Creators, Inc.*, Case No. 15-CV-05680 (PAE), 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

one-hour meal periods or an 8-hour sleep period. (*See*, *e.g.*, Severino Decl. ¶¶ 15, 21; Gueye Decl. ¶¶ 15, 21; Jimenez Decl. ¶¶ 15, 21.) When they worked more than 40 hours in a workweek, including the hours they worked during their interrupted meal breaks and sleep periods, they were not paid time and one-half for all of the hours they worked over 40. (*See*, *e.g.*, Severino Decl. ¶¶ 26; Gueye Decl. ¶ 26; Jimenez Decl. ¶ 25.)

HHAs regularly worked through their meal breaks and sleep periods to care for their patients. (*See, e.g.*, Severino Decl. ¶¶ 13-14, 18-20; Gueye Decl. ¶¶ 13-14, 18-20; Jimenez Decl. ¶¶ 13-14, 18-20.)  They also regularly worked during the night to care for their patients because they were required to do so. (*See, e.g.*, Severino Decl. ¶ 20; Gueye Decl. ¶ 19; Jimenez Decl. ¶ 20.) As a result, HHAs did not receive an eight-hour sleep period or five hours of uninterrupted sleep within this period. (*See, e.g.*, Severino Decl.¶ 18; Gueye Decl.¶ 20; Jimenez Decl. ¶ 18.) Further, Avondale did not schedule a time for HHAs to sleep. (*See, e.g.*, Severino Decl.¶ 17; Gueye Decl.¶ 17; Jimenez Decl. ¶ 17.)

Avondale monitored HHAs' work through its telephone reporting system. (*See, e.g.*, Severino Decl. ¶ 11; Gueye Decl.¶ 11; Jimenez Decl. ¶ 10.) In the beginning of their shifts, HHAs clocked-in using their patients' phone. (*Id.*) At the end of their shifts, HHAs clocked-out using their patients' phone and logged the tasks they performed during their previous 24-hour shift by entering the applicable codes into Avondale's telephone reporting system. (*Id.*) When Plaintiffs did not record in Avondale's telephone reporting system that they took all of their meal breaks or uninterrupted sleep periods, Avondale failed to follow up with them to determine the hours that they worked. (*See, e.g.*, Severino Decl. ¶ 12; Gueye Decl.¶ 12; Jimenez Decl. ¶ 12.) Even when HHAs called Avondale to report meal and sleep interruptions, they often were unable to

3

connect or communicate with any coordinator, supervisor or anyone else at Avondale with authority to issue additional pay. (*See, e.g.*, Severino Decl. ¶ 22; Gueye Decl. ¶ 22; Jimenez Decl. ¶ 22.)

## DISCUSSION

### I. Collective Certification

#### A. Legal Standards

The FLSA provides that "any one or more employees" may bring an action against an employer "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, an employee must file written consent in the court in which the action is brought. *Id.* "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has approved a two-step method for the exercise of the Court's discretion. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 554). First, in the step known as "conditional certification," if the named plaintiffs make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the trial court may make an initial determination to send notice to potential opt-in plaintiffs. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is complete, the court determines whether the opt-ins are in fact

4

"similarly situated" to the named plaintiffs; if the record reveals that they are not, the court may "de-certify" the collective action and dismiss those plaintiffs' claims without prejudice. *Myers*, 624 F.3d at 555 (citations omitted).

During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Myers*, 624 F.3d at 555. However, because the purpose of this first stage is "merely to determine *whether* 'similarly situated plaintiffs do in fact exist," plaintiffs have a low burden of proof. *Id.* (emphasis in original) (citing *Hoffmann*, 982 F. Supp. at 261). Documents properly considered on a conditional certification motion "include plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.'" *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 661).

To determine whether members of a collective are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014). "Plaintiffs need not present evidence for each and every opt-in Plaintiff so long as they can show that Defendants engaged in a policy, plan, or scheme of FLSA violations." *Lynch v. City of New York*, No. 16-CV-05677 (KBF), 2017 WL 4877425, at *3 (S.D.N.Y. Oct. 27, 2017) (internal citation and quotation marks omitted).

   **B.  Application**

Plaintiffs define their putative collective as follows:

All current and former Avondale home health aides who worked at least two live-in 24-hour shifts in a workweek within six years before the filing of the complaint

> (excluding those HHAs who are represented by other counsel or resolved their claims with Avondale.)

(Pls.' Reply, ECF No. 146, at 3.)[2]

The Court, in its discretion, finds that Plaintiffs have made their modest showing that the employees in the putative collective were subject to the same policies with respect to Defendant's failure to pay wages for hours worked during meal and sleep periods. Plaintiffs filed with the Court 20 Declarations from Defendant's employees that reflect the uniformity of their experience working for Defendant and how they are similarly situated to the named Plaintiffs. (*See* ECF Nos. 112 to 131.)

Defendant asks the Court to defer ruling on the pending motion for conditional certification until after the Court rules on Defendant's yet-to-be filed motion to compel arbitration. (*See* Def.'s Opp. at 6.) Even assuming that Defendant has not waived any right to seek arbitration (*compare* Pl.'s 10/28/22 Ltr., ECF No. 155, at 1-13, *with* Def.'s 10/20/22 Ltr., ECF No. 151, at 1-15), there is no reason to defer certification. As Judge Schofield previously has held: "[T]he collective may be conditionally certified and notice given, 'notwithstanding that some or all of the prospective members of the collective may have signed arbitration agreements.'" *Hegazy v. Halal Guys, Inc.*, No. 22-CV-01880 (LGS), 2022 WL 4008237, at *3 (S.D.N.Y. Sept. 2, 2022) (quoting *Zambrano v. Strategic Delivery Sols., LLC*, No. 15-CV-08410, 2021 WL 4460632, at *10 (S.D.N.Y. Sept. 28, 2021)).

---

[2] Plaintiffs initially had defined their putative collective differently. (*See* Pls.' Mem., ECF No. 107, at 1.) However, Defendant objected to such definition (*see* Def.'s Opp., ECF No. 139, at 6-8), and Plaintiffs revised the definition as quoted above. Defendant finds the definition quoted above to be acceptable. (*See* Def.'s 10/21/22 Ltr., ECF No. 153, at 2.)

6

II.   **Form Of Notice**

A.   **Legal Standards**

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains broad discretion over the form and content of the notice." *Hernandez v. City of New York*, No. 16-CV-03445 (RA), 2017 WL 2829816, at *6 (S.D.N.Y. June 29, 2017) (quoting *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016)). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions and ensure that putative plaintiffs receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. (quoting *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 116 (S.D.N.Y. 2015)).

B.   **Application**

Both Plaintiffs and Defendant filed proposed forms of Notice. (*See* Pls.' Form of Notice, ECF No. 108-1, at PDF p. 2; Def.'s Form of Notice, ECF No. 141-2, at PDF pp. 2-5; Pls.' Second Form of Notice, ECF No. 155-10, at PDF pp. 2-3.) The Court, in its discretion, finds that Defendant's form of Notice be an appropriate form of Notice in this case,[3] except in the following respects:

(1) Defendant includes a statement that opt-ins may be responsible for costs if they do not prevail. The Court finds that this language should not be included due to the "risk of an *in terrorem* effect that is disproportionate to the actual likelihood that costs

---

[3] Defendant's form of Notice generally is consistent with the form of Notice approved by Judge Schofield (the presiding judge in this case) in *Bocel v. Patzeria Fam. & Friends Inc.*, No. 21-CV-07384 (LGS), 2022 WL 1125624, at *4 (S.D.N.Y. Apr. 15, 2022) (adopting form of Notice filed at ECF No. 65-1).

7

occur in any significant degree." *See Bethel v. BlueMercury, Inc.*, No. 21-CV-02743 (KPF), 2022 WL 3594575, at *15 (S.D.N.Y. Aug. 22, 2022) (citation omitted).[4]

(2) Plaintiffs complain of some redundancy in Defendant's form of Notice. (*See* Pls.' Reply, ECF No. 146, at 8.) The Court has revised Defendant's form of Notice, to eliminate minor redundancy, and has made other revisions consistent with the form of Notice in *Bocel* (*see* footnote 3, *supra*). The revised form of Notice, as approved by the Court, is annexed as Exhibit A.

The parties agree as to the contents of Plaintiffs' revised Consent to Join form filed at ECF No. 147-1 (*see* Def.'s 10/21/22 Ltr. at 5), and that form hereby is approved. The Court finds that the emergency contact information portion of Plaintiffs' proposed Contact Form, as was used in *Elmy v. W. Express, Inc.*, No. 17-CV-01199, ECF No. 189-1 (M.D. Tenn. Dec. 10, 2019), is permissible, with one modification. Plaintiffs argue that the "potential opt-in has the option of completing [the emergency contact portion] if she wishes," and that "[i]t does not force the potential opt-in to give this information if she is uncomfortable sharing the information of a family member or a close friend." (*See* Pl.'s 10/28/22 Ltr. at 15.) Thus, the Court hereby orders that the parenthetical "(optional)" be added after "Emergency Contact." (*See* Proposed Contact Form, ECF No. 108-1, at PDF p. 4.)

Finally, the Court approves the form of text and WhatsApp notice set forth at page 16 of Plaintiffs' October 28, 2022 submission (*see* Pl.'s 10/28/22 Ltr. at 16), so long as the entire

---

[4] The Court notes that language stating that opt-ins may be responsible to pay costs if they lose is not included in the form of Notice approved by Judge Schofield in *Bocel*. *See* footnote 3, *supra*.

contents of the court-approved Notice is included and/or made easily accessible when such notice is sent, whether as a link, an attachment or otherwise.

### **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. Conditional certification of the collective is granted and Plaintiffs are authorized to distribute the Notice annexed as Exhibit A, as well as the accompanying documents, as explained above.

The parties shall meet and confer and shall, no later than November 7, 2022, file a joint letter setting forth their agreed-upon proposed schedule for the completion of discovery or, if agreement cannot be reached, their separate proposals.

**SO ORDERED.**

Dated:   New York, New York
         October 29, 2022

_____
STEWART D. AARON
United States Magistrate Judge

**Exhibit A**

**COURT-AUTHORIZED NOTICE OF LAWSUIT**

[insert date of mailing]

Dear [Insert Name]:

**A collective action lawsuit may affect your legal rights.**
This is a court-authorized notice.
This is not a solicitation from a lawyer.

The purpose of this Notice is to advise you of the lawsuit that has been filed by three home health care aides ("Plaintiffs"), on behalf of all current and former home health aides, against AVONDALE CARE GROUP, LLC (the "Defendant" or "Avondale"), and to advise you of your legal rights in connection with the lawsuit. The lawsuit is pending in the U.S. District Court for the Southern District of New York (*Severino et al. v. Avondale Care Group, LLC*, Civil No. 1:21-CV-10720). The lawsuit claims that Avondale failed to pay overtime wages to Home Health Aides who work, or have worked, 24-hour live-in shifts for Avondale within the last six (6) years and seeks unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for work that you may have done during meal breaks and sleep periods. Avondale denies any wrongdoing or violation of the FLSA and maintains that they paid Home Health Aides appropriately. The Court has authorized the parties to send you this notice. The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

**ASK TO BE INCLUDED:** If you choose to be included in this collective action, you will be bound by any ruling, settlement or judgment in this case. You may also share in any proceeds from a settlement or judgment if those bringing the claims are successful. If you choose to be included, you will give up your rights to separately sue Avondale about the same legal claims in this lawsuit.

**DO NOTHING:**  By doing nothing, you will not be included in this lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if the Plaintiffs are successful.

Your options are explained in this notice. To ask to be included in this lawsuit, you must act before (insert 60 days from date notice is sent out).

**This notice contains information that affects your rights. Please read it carefully**.

1.     Why did I get this notice? Who can join the lawsuit?

You are getting this notice because Avondale's records show that you work or worked for Avondale as a "Home Health Aide" within the last six (6) years. If you are a current or former Home Health Aide who worked for Avondale: (1) at any point on or after December 15, 2015; (2) worked at least two 24-hour live-in shifts in a workweek; (3) worked during your meal and sleep periods, and (4) weren't paid for working during your sleep and meal periods, then you are eligible to participate in the Lawsuit by signing and returning the Consent to Sue form.

**Exhibit A**

2. **What is this lawsuit about?**

The lawsuit claims that Avondale failed to pay Home Health Aides for all their work hours, including unpaid overtime pay for those workweeks in which they worked in excess of 40 hours. Avondale doesn't agree that it violated the law, and the Court hasn't made any decision yet about who is right.

3. **What damages is the lawsuit seeking?**

The federal portion of this lawsuit is seeking to recover unpaid overtime pay and "liquidated damages."

4. **What is a collective action?**

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. One court resolves the issues for everyone who decides to join the case.

5. **Why is this lawsuit a Collective Action?**

The Court has conditionally authorized this case to proceed as a collective action under § 216(b) of the FLSA, 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are potentially "similarly situated" to other non-exempt employees who worked for Avondale.

6. **What happens if I join this lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or favorable judgment. While this lawsuit is pending, you may be asked to provide relevant information regarding the work you performed for Avondale, including possibly providing testimony at a deposition and/or court hearing under oath, responding to written questions, and providing relevant documents. For this reason, if you join the lawsuit, you should preserve all documents relating to your employment with Avondale currently in your possession. You may also be asked to sit for a deposition scheduled at your convenience and/or asked to testify at a trial in the Southern District of New York Courthouse.

By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, you designate the named Plaintiffs and their counsel to make decisions on your behalf concerning the case, the method and manner of conducting the case, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by Plaintiffs relating to the lawsuit will be binding on you if you join the lawsuit.

7. **Can the Avondale and/or my current employer retaliate or fire me if I join the lawsuit?**

<u>No. The law prohibits retaliation against workers for exercising their rights under the FLSA. Thus, you may not be fired or subjected to discrimination in any manner if you exercise your rights under the FLSA by joining this lawsuit.</u>

8. **How do I ask the Court to include me in this case?**

To join the lawsuit and be represented by the lawyers who are handling this case, you must fill out and return the enclosed Consent to Sue form.

**Exhibit A**

**If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Sue form.** The Consent to Sue form must be sent to the following address, fax number, e-mail, or Whatsapp:

Getman, Sweeney & Dunn, PLLC 260 Fair St. Kingston, NY 12401.

Fax: 866-543-9619

AvondaleLawsuit@getmansweeney.com   WhatsApp: 845-750-9760

You may also view the notice and sign the Consent to Sue form electronically here: https://rebrand.ly/avondaleCTS.

Your Consent to Sue form must be postmarked no later than [insert date 60 days from mailing]. More information can be learned by calling the lawyers representing the Plaintiffs (Getman, Sweeney & Dunn) at 845-255-9370, or by viewing the lawyers' website at www.AvondaleLawsuit.com.

9.  Who are the lawyers in this case?

If you choose to join this lawsuit you will be represented by Plaintiffs' Counsel: Getman, Sweeney & Dunn, PLLC, 260 Fair Street, Kingston, NY 1240, and Bohrer Brady, LLC, 8712 Jefferson Highway, Suite B, Baton Rouge, Louisiana 70809.

10. Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel will be working on your behalf. However, you are allowed to hire your own lawyer at your own expense.

11. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel. Under this agreement, you are not responsible for paying any of the attorneys' fees or costs expended in this lawsuit. In the event there is a recovery, Plaintiffs' counsel will ask the Court for their reasonable attorneys' fees. Plaintiffs' counsel may ask for the greater of: (1) their reasonable hourly rates multiplied by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Avondale, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified above. If there is no recovery, you pay nothing.

12. What happens if I do nothing at all?

If you choose not to join, you will <u>not</u> be eligible to participate in the federal portion of this lawsuit and will not be eligible to receive any benefits in the event that a settlement or judgment is obtained.

13. This notice has been authorized by the Court.

This notice and its contents have been authorized by Magistrate Judge Stewart D. Aaron of the U.S. District Court, Southern District of New York. The Court has not yet ruled on whether Plaintiffs' claims or Avondale's defenses have any merit.

**Please do not write or call the Court about this notice.**