Briefing on any motions to compel arbitration will be held in abeyance pending dissemination of notice, the opt-in period, and opt-in discovery, in the interest of efficiency so that arbitration issues can be addressed only once. For the reasons explained in the Order at Dkt. No. 170, Defendant is incorrect that the conditional certification of the collective would be undermined if the Named Plaintiffs were compelled to arbitrate.  Defendant's proposal to file serial motions to compel each time a new opt-in Plaintiff is substituted as a Named Plaintiff would waste considerable party and judicial resources.

Defendant's motion to compel arbitration and stay proceedings is DENIED without prejudice to renewal at an appropriate time.  Defendant will not be prejudiced because, when Defendant's motion to compel arbitration is heard, any argument that Defendant has waived its right to compel arbitration will be evaluated without considering the delay and ongoing litigation between February 8, 2023, and the day Defendants refile.

So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 167.

Dated:  February 21, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

    Re:    **Keila Severino, et al v. Avondale Care Group, LLC**
             Case No.: 1:21-cv-10720

Dear Judge Schofield:

    We represent Plaintiffs in the captioned matter, along with Getman, Sweeney and Dunn, PLLC.   This letter is submitted jointly by the Parties pursuant to the Court's February 10, 2023 Order (Dkt. 170) directing the Parties to state their positions on whether briefing on Defendant's motion to compel arbitration should be held in abeyance until the second stage of conditional certification.

    <u>Position of Plaintiffs</u>:   Plaintiffs respectfully submit that briefing on Defendant's pending Motion to Compel Named Plaintiffs to Arbitration (Dkt. 167) should be held in abeyance until after the expiration of the opt-in period. Plaintiffs disseminated the Court approved notice on February 13, 2023. The 60-day opt-in period expires on April 14, 2023. The second stage process would begin thereafter. This Court held that consideration of arbitration in a FLSA collective should occur at the second stage in *Ahmed Hegazy v. Halal Guys, Inc.,* No. 22 civ 1880 (LGS), 2022 U.S. Dist. LEXIS 159160, at *6, (S.D.N.Y. Sept. 2, 2022): "Rather, issues of fact surrounding arbitration agreements are properly resolved at the second stage of the two-step inquiry." Other courts have held likewise: "[D]etermining the enforceability of an arbitration agreement is the type of fact-bound merits inquiry that should not take place at the first stage of the conditional collective action approval process." *Oconner v. Agilant Solutions,* No.18-cv-6937 (GHW), 2019 U.S. Dist. LEXIS 219586, at *1 (S.D.N.Y. Dec. 17, 2019). Defendant does not dispute that arbitration issues are addressed at the second stage (see: Dkt. 168, at footnote 7). There is no reason to deviate from this procedure.

    Additionally, Plaintiffs anticipate that Defendant will file one or more additional motions seeking to compel opt-in plaintiffs to arbitration. Plaintiffs may seek discovery on the formation, existence and execution of the arbitration agreements which will likely

Honorable Lorna G. Schofield
February 17, 2023
Page 2

include individualized discovery. Discovery related to arbitration agreements is appropriate at the second stage of certification. *Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 18-cv-1220 (PAE) (RWL), 2019 U.S. Dist. LEXIS 154246, at *16 (S.D.N.Y. Sept. 9, 2019). At this time, Plaintiffs cannot assess the scope of such discovery as Defendant has not produced arbitration agreements for any opt-in plaintiff, despite discovery requests seeking the agreements. Plaintiffs suggest that conducting arbitration discovery at one time, at the second stage, and after all motions to compel arbitration are filed, will conserve the Court's and Parties' resources.

Finally, any additional motions to compel opt-in plaintiffs to arbitration that Defendant files will present overlapping, if not identical, issues to those presented in the pending motion. The Parties should be required to brief and the Court should decide the issue one time only. Accordingly, the Court should hold briefing on the pending motion in abeyance to avoid piecemeal resolution of the issue and to foster judicial economy.

Position of Avondale Care Group:   It is the position of Avondale Care Group ("Avondale") that its motion filed February 8, 2023 to Compel Named Plaintiffs to arbitrate and stay proceedings (the "Motion to Compel") should not be held in abeyance pending distribution of Notice and conclusion of the opt-in period.   As set forth by Avondale in its Motion to Compel, if Named Plaintiffs are compelled to arbitration, they lack standing to maintain this action and have no cognizable interest in prosecuting this matter, in this Court, on behalf of others.

There are three groups of individuals implicated in this matter: (i) Named Plaintiffs, who are the only designated representatives of the FLSA collective and the putative Rule 23 class; (ii) opt-ins, to the extent they pass muster under second stage certification scrutiny; and (iii) Rule 23 class members, to the extent class certification is granted. The question of whether Named Plaintiffs have agreed to arbitrate their claims (the question of whether they have standing) is properly decided now.   If Named Plaintiffs have agreed to arbitrate their claims, they cannot represent an FLSA collective or a Rule 23 class, and Notice should be retracted.   *Hamoudeh v. UnitedHealth Group Inc.*, 2016 WL 2894870, at *1-2 (E.D.N.Y. May 17, 2016) (recognizing that conditional certification would be mooted if representative plaintiffs lack standing).
In all of the cases that discuss deferring consideration of arbitration agreements to the second stage of certification, the arbitration agreements in issue relate to opt-ins only, not the named plaintiffs in those matters, who have standing, unlike in this case.   *Hegazy v. Halal Guys, Inc.*, 2022 WL 4008237, at *3 (S.D.N.Y. Sept. 2, 2022); *Oconner v. Agilant Solutions, Inc.*, 2019 WL 6879178 (S.D.N.Y. Dec. 17, 2019); *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 18-CV-12220 (PAE) (RWL), 2019 WL 4493429, at *15 (S.D.N.Y. Sept. 9, 2019).   Moreover, a deferment of Avondale's Motion to Compel may prejudice Avondale. Any claim that Avondale waived its right to compel Named Plaintiffs to arbitrate may be evaluated, depending on the analysis employed by the Court in the wake of *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), under a test that considers time

Honorable Lorna G. Schofield
February 17, 2023
Page 3

elapsed from when litigation was commenced and the amount of participation in litigation, inclusive of discovery and any substantive motion practice.  Because the motion concerning Named Plaintiffs should be decided now, and is not a question reserved for the second stage of certification of an FLSA collective, continued participation in proceedings and discovery by Avondale would be argued by Named Plaintiffs to favor a finding of waiver, which would prejudice Avondale.  Moreover, continued participation in proceedings including discovery relating to Named Plaintiffs, is improper if Named Plaintiffs lack standing to prosecute their claims against Avondale in this forum, and may afford Named Plaintiffs discovery that they may not otherwise be entitled to in arbitration.

Avondale recognizes that there have been substantial opt-ins filed by Plaintiffs' counsel to date in this matter.  As indicated, the issue of whether opt-ins have agreed to arbitrate their claims is reserved for a determination on an individual basis after conditional certification and after expiration of the relevant opt-in period  In the event that Named Plaintiffs are compelled to arbitration, and to the extent Plaintiffs' counsel would seek to substitute one or more of the opt-ins as named plaintiffs at that time to resuscitate a collective and class action, that issue is not simply one that could be deferred to the second stage of certification of the collective, and the standing of such individuals would be addressed at that time.  Substitution of the Named Plaintiffs by opt-ins does not, in any way, allow Plaintiffs to delay adjudication to the second stage of certification.  In this matter, the only discovery to-date has related to Named Plaintiffs (the parties agreed that initial discovery would relate only to Named Plaintiffs (*see*, Dkt. No. 169 at ¶ 6)), and then proceedings were stayed pending mediation.  However, Avondale is confident that with discovery relating to opt-ins, it will show that all opt-ins have executed enforceable arbitration agreements with Avondale.

Finally, the Court has asked the parties to address the extent to which any motion to compel arbitration would turn on individualized issues for each potential member of the collective, as opposed to common issues.  Avondale believes that all potential members of the collective signed individual agreements to arbitrate.  To the extent any individual would seek to challenge the enforceability of any such agreement, the inquiry would necessarily be individualized.

Respectfully,

BOHRER BRADY, LLC

/s/ *Philip Bohrer*

Philip Bohrer

PB/gb
cc:   All Counsel via ECF