UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KEILA SEVERINO, KHADY GUEYE, and
DELSA JIMENEZ individually and on behalf of
all other similarly situated persons,**

<div style="margin-left:2em">

**Plaintiffs,**

</div>

Case No. 1:21-cv-10720-LGS-SDA

v.

**AVONDALE CARE GROUP, LLC**

<div style="margin-left:2em">

**Defendant.**

</div>

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Discovery in this Litigation (as defined herein) is likely to involve the production of confidential, proprietary, or private information for which special protection from disclosure, and from use for any purpose other than prosecuting this Litigation, may be warranted. Plaintiffs Keila Severino, Khady Gueye, and Delsa Jimenez and all other current and future opt-ins and/or plaintiffs in the Litigation ("Plaintiffs"), and Defendant Avondale Care Group, LLC ("Avondale") stipulate to and petition the Court to enter the following Stipulation and Order for The Production and Exchange of Confidential Information (the "Stipulation").

WHEREAS, the Court approves the following terms, and IT IS HEREBY ORDERED THAT:

1.      This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that merit confidential treatment. This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection

it affords extends only to the limited materials that are entitled under the applicable legal principles and the terms of this order to be treated as confidential.

2.    As used herein:

(a)    "Litigation" shall mean the lawsuit captioned *Keila Severino, Khady Gueye, and Delsa Jimenez et al. v. Avondale Care Group, LLC.*, Case No. 1:21-cv-10720-LGS-SDA, that is currently pending in the United States District Court for the Southern District of New York.

(b)    "Confidential Information" shall mean all information (regardless of how it is generated, stored or maintained) that the producing party reasonably and in good faith believes comprises or contains non-public confidential or commercially sensitive technical, sales, marketing, business, financial or personal information; or information that the producing party is under a legal obligation to maintain as confidential  "Confidential Information" includes, but is not limited to, medical information, including medical information relating to third parties, and information protected under the Health Insurance Portability and Accountability Act of 1966 ("HIPPA").

(c)    "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in connection with discovery in this matter.

(d)    "Highly Confidential Information–Attorneys' Eyes Only" shall mean information that the producing party reasonably and in good faith believes comprises or contains competitively sensitive information that could be used by a competitor to obtain a business advantage over the producing party, including, but not limited to, trade secrets and personal

customer and client information. "Producing Party" shall mean the parties to this Litigation or any third parties producing "Confidential Information" or "Highly Confidential Information– Attorneys' Eyes Only," or the party asserting the confidentiality designation, as the case may be.

(e)     "Receiving Party" shall mean the party to this Litigation or any non-party receiving or possessing "Confidential Information" or "Highly Confidential Information– Attorneys' Eyes Only."

3.     <u>Designation of Confidential Information</u>:  The designating party must designate Disclosure or Discovery Material that the party reasonably believes should be protected from disclosure as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only. Designation in conformity with this Stipulation may be made as follows:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," to the first page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

(b)     For deposition testimony or exhibits offered in a deposition, and the transcripts thereof, such information shall be presumptively treated as Confidential Information and Highly Confidential Information- Attorneys' Eyes Only, and subject to the protections of this Stipulation, during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty-day period, the deposition shall be classified appropriately by notifying all of the parties in writing of the specific pages and lines of the transcript, and/or the exhibits, that should be treated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

       (c)     For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or by any other reasonable means of providing notice of the designations.

       (d)     For the avoidance of doubt, any party, subpoenaed non-party, or other third party whose information may be disclosed in connection with this Litigation may designate documents produced, testimony given, or other information exchanged in connection with this Litigation as "Confidential," "Highly Confidential - Attorneys' Eyes Only" by designation pursuant to this Stipulation, or pursuant to any other procedures to be agreed upon by the parties.

      4.    <u>Procedure for Raising Disagreement With Designation</u>:  In the event a party challenges another party's designation of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, the party wishing to challenge the designation must confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute, pursuant to Local Rule 37.2 and of the individual practice rules of Judge Lorna G. Schofield and Judge Stewart D. Aaron, should the matter be referred to him.  If the parties' dispute cannot be resolved by the meet-and-confer process, the party wishing to challenge the designation may file on the Electronic Case Filing ("ECF") system a letter-motion to the Court, also in conformance with the individual practice rules of Judge Lorna G. Schofield or Judge Stewart D. Aaron, with opposition and reply, if any, to be filed in accordance with such individual practice rules. The documents or information that are the subject of the Confidential or Highly Confidential–Attorneys' Eyes Only designation shall remain treated as such, under the protection of this Stipulation, pending the Court's decision.  Acceptance by the Receiving Party of material designated as Confidential or Highly Confidential–Attorneys' Eyes Only shall not constitute a concession that any such discovery material is appropriately designated.  All discovery material

designated as Confidential or Highly Confidential–Attorneys' Eyes Only by a Producing Party will be treated as Confidential or Highly Confidential–Attorneys' Eyes Only, unless such designation is changed by mutual agreement of the parties or Court order.

     5.    <u>Seeking Relief from Designation</u>: This Confidentiality Order shall not prevent any party from applying to the Court for relief therefrom. Any ruling that the Court makes regarding the designation of Disclosure or Discovery Material as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only will be binding on all parties.

     6.    <u>Limited Use of Confidential Information</u>:  Any information designated as Confidential Information shall be used by the Receiving Party and its counsel for purposes of this Litigation only and for no other purpose. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

         (a)    the parties, including opt-in plaintiffs, so long as disclosure is reasonably necessary for purposes of this Litigation and the parties agree to comply with and be bound by the terms of this Stipulation;

         (b)    officers, directors, agents, and employees (including in-house and outside counsel) of Avondale who are assisting in this Litigation or who Avondale otherwise believes in good faith to have a need to review such documents or information;

         (c)    counsel for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

         (d)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding

herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 hereof;

        (e)    the author, recipient or custodian of a document or any other person who otherwise possessed or knew the information contained in the document;

        (f)    the Court;

        (g)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 11 hereof;

        (h)    Litigation hearing and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

        (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

        (j)    copying, imaging, computer services and/or litigation support services who are bound to protect Confidential Information; and

        (k)    any other person agreed to in writing by the parties.

    7.    <u>Limited Use of Highly Confidential Information–Attorneys' Eyes Only</u>:  Any information designated as Highly Confidential Information–Attorneys' Eyes Only shall only be used by the Receiving Party for purposes of this Litigation and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Highly Confidential Information–Attorneys' Eyes Only shall not be furnished, shown, or disclosed to any person or entity except to:

        (a)    counsel of record for the parties in this Litigation and the legal, clerical, paralegal, or other staff of such counsel;

(b)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the hearing of this Litigation or other proceeding herein, provided, however, that such Highly Confidential Information–Attorneys' Eyes Only is furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(c)     the Court;

(d)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 10 hereof;

(e)     Litigation hearing and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(f)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(g)     any other person agreed to in writing by the parties.

8.     <u>Disclosure to Expert Witnesses of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:   Before any disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only is made to an expert witness or consultant pursuant to paragraphs 6 or 7 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of **<u>Exhibit A</u>** attached hereto, to comply with and be bound by its terms.

9.     <u>Disclosure at Litigation Proceedings of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only</u>: Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential - Attorneys' Eyes Only information

during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after presenting the information in-camera review to preserve the confidentiality of such Confidential Information or Highly Confidential Information–Attorneys' Eyes Only information. The opposing party can then inform the Court whether such disclosure is uncontested.  Should the opposing party contest the disclosure of such information, that party may then move the Court for the sealing or redaction of information designated as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only or take any other such steps as the Court may direct or require.

10.   <u>Use at Deposition of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:  This Stipulation shall not preclude counsel for the parties from using during any deposition in this Litigation any documents or information which have been designated as Confidential Information under the terms hereof.  Highly Confidential Information–Attorneys' Eyes Only information may be used at a deposition if the person giving deposition testimony is (i) an individual who has had or who is eligible to have access to the Highly Confidential Information–Attorneys' Eyes Only information by virtue of his or her past or current employment with Avondale, (ii) an individual identified in the Highly Confidential Information–Attorneys' Eyes Only information as the author, addressee, or copy recipient of such information, or (iii) an individual, although not identified as the author, addressee, or copy recipient of such information, who has, in the ordinary course of business, seen such Highly Confidential Information–Attorneys' Eyes Only information.  The party that has designated information as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only may provide the deposition witness and any court reporter who is given access to Confidential Information or Highly Confidential Information–Attorneys' Eyes Only with a copy of this Stipulation and may

8

request the execution of the agreement attached hereto as **Exhibit A**.  Counsel for the party

obtaining the agreement shall supply a copy to counsel for the other party.  Before using Highly

Confidential Information–Attorneys' Eyes Only information at a deposition, the Receiving Party

shall notify the Producing Party so that the Producing Party can raise any objections to the

deposition witness being able to view Highly Confidential Information–Attorneys' Eyes Only

information and/or request that the deposition witness and/or court reporter execute the agreement

attached hereto as **Exhibit A**.

      11.    <u>Designation of Information Produced by Non-Party</u>:  A party may designate as

Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, subject to

this Stipulation, any document, information, or deposition testimony produced or given by any

non-party to this case, or any portion thereof.

      12.    <u>Inadvertent Failure to Designate Information</u>:  An inadvertent failure to designate

qualified information or items does not, standing alone, waive the Producing Party's right to make

a confidentiality designation under this Stipulation for such material.  Any document or

information that may contain Confidential Information or Highly Confidential Information–

Attorneys' Eyes Only that has been inadvertently produced without identification as to its

confidential nature may be so designated by the party asserting confidentiality by written notice to

the undersigned counsel for the Receiving Party identifying the document or information as

"Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only" within a

reasonable time following the discovery that the document or information has been produced

without such designation.

      13.    <u>Extracts and Summaries of Confidential Information or Highly Confidential</u>

<u>Information–Attorneys' Eyes Only</u>:  Extracts and summaries of Confidential Information or

Highly Confidential Information–Attorneys' Eyes Only shall also be treated in accordance with the provisions of this Stipulation.

14.    Public Filing:   A party seeking to file with the Court documents containing Confidential Information or Highly Confidential Information – Attorneys' Eyes Only information must follow Rule I.D.3 of Judge Schofield's individual rules of practice.   Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

15.    Permitted Redactions: the parties shall redact all personal contact information relating to non-parties, including email and home addresses, phone numbers, from any document filed in the public record.   In connection with third parties that are clients and/or patients of Avondale, the parties shall redact not only personal contact information but all other personal information as well, inclusive of patient names.

16.    No Waiver of Right to Object to Production or Disclosure of Information:   The production or disclosure of Confidential Information or Highly Confidential Information– Attorneys' Eyes Only shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17.    In the event that the Receiving Party is requested or required by law to disclose any Confidential Information or Highly Confidential Information - Outside Attorneys' Eyes Only information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party

will not disclose any Confidential Information or Highly Confidential Information - Outside Attorneys' Eyes Only information except pursuant to the order of a court of competent jurisdiction directing the disclosure of such information.

18. <u>No Prejudice to Seek Modification of Stipulation</u>: This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the applicable law.

19. <u>Stipulation Is Binding After Conclusion of Litigation</u>: This Stipulation and its provisions shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Litigation.

20. <u>No Waiver of Privilege</u>: Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

21. <u>No Waiver of Privilege or Protection / Inadvertent Production of Privileged and Protected Information</u>: Nothing herein shall require disclosure of information that is protected from discovery by the attorney-client privilege, work product immunity, as an attorney-client communication, or other privilege or immunity. In accordance with FED. R. EVID. 502(d), the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other proceeding. This shall be interpreted to provide the maximum protection allowed by FED. R. EVID. 502(d). If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client

privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production.  Once a Receiving Party receives notice in writing of the inadvertent production, it shall promptly return or destroy all copies of such inadvertently produced material and shall make reasonable efforts to gather copies of the information and materials that were distributed to others and return or destroy same as well.   Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  However, nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting the information to the court under seal with a challenge to the claim of privilege or protection.  The Producing Party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials.  If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know are privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

22.    <u>Continuing Obligations Regarding Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>:  The provisions of this Stipulation continue to be binding throughout and after the conclusion of this Litigation.   The parties and their counsel shall not use any information designated as Confidential Information or Highly Confidential Information Attorneys' Eyes Only in any other agency proceeding, arbitrations, litigations, or other

actions unless such Confidential Information or Highly Confidential Information Attorneys' Eyes Only Information is produced by Avondale in discovery during the course of that particular proceeding, arbitration or litigation or other action.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23.     When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Stipulation shall be included with the subpoena.

24.     This Stipulation is binding upon any future party to the Litigation.

25.     This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

26.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

So Stipulated and Agreed:

**GETMAN, SWEENEY & DUNN PLLC**
Attorneys for Plaintiffs

**HERRICK, FEINSTEIN LLP**
Attorneys for Avondale

By:  Elisabeth A. Schiffbauer, Esq
Karen Kithan Yau, Esq.
Matt Dunn, Esq. .
260 Fair Street
Kingston, New York 12401

By:  K. Heather Robinson
Shivani Poddar
Daniel Field
2 Park Avenue
New York, New York 10016
Telephone: 212.592.1400
Facsimile: 212.592.1500

So Ordered.

Dated: March 28, 2023
    New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

13

Dated:  March 23, 2023

Philip Bohrer, Esq.
Scott E. Brady, Esq.
BOHRER BRADY LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Tel: 225-925-5297
Fax: 225-231-7000
E-mail: Phil@bohrerbrady.com
E-mail: Scott@bohrerbrady.com


Dated:  March 23, 2023

SO ORDERED.

Dated: _____ 2023

_____
Honorable Lorna G. Schofield
United States District Judge

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**KEILA SEVERINO, KHADY GUEYE, and DELSA JIMENEZ individually and on behalf of all other similarly situated persons,**

                          **Plaintiffs,**

**v.**

**AVONDALE CARE GROUP, LLC**

                        **Defendant.**

Case No. 1:21-cv-10720-LGS-SDA

---

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I, _____, state that:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____ (date).

5.     I have carefully read and understand the provisions of the Stipulation.

6.     I will comply with all of the provisions of the Stipulation.

7.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that is disclosed to me.

8.      I will return all Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only.

9.      I hereby submit to the jurisdiction of this Court the purpose of enforcement of the Stipulation in this action.


Dated: _____                    _____