USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keila Severino, individually and behalf of all other similarly situated persons,

       Plaintiffs,

-against-

Avondale Care Group, LLC,

       Defendant.

1:21-cv-10720 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

  Plaintiffs Keila Severino, Khady Gueye and Delsa Jimenez (collectively, "Plaintiffs"), bring this action individually, and on behalf of all others similarly situated, against Defendant Avondale Care Group, LLC ("Defendant" or "Avondale"), pursuant to the Fair Labor Standards Act and the New York Labor Law. Pending before the Court is Plaintiffs' Letter Motion seeking to compel Defendant to produce certain documents and information. (Pls.' 3/29/23 Ltr. Mot., ECF No. 210.) Based upon the Court's review of the parties' submissions (*see id*; Def.'s 4/10/23 Ltr. Resp., ECF No. 220; Pls.' 4/11/23 Reply, ECF No. 222), Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART, as follows:

1. With respect to the first issue in dispute (*i.e.*, relating to payroll, duty sheets, caregiver notes, benefits, compensation), Defendant shall produce to Plaintiffs within 21 days of the date of this Order the documents and information requested with respect to all opt-in Plaintiffs. The categories of information sought indisputably are relevant. (*See* Def.'s 4/10/23 Ltr. Resp. at 2 ("at no time has Avondale questioned the relevance

of the foregoing categories of information").) Moreover, the Court finds that the documents and information sought are proportional to the needs of the case.[1]

2. With respect to the second issue in dispute (*i.e.*, relating to coordinator job descriptions and contact information), Defendant shall provide to Plaintiffs within 21 days of the date of this Order names and last-known contact information for former coordinators who supervised the Plaintiffs. The interrogatories which seek this information are within the scope of permissible discovery under the Local Civil Rules. In addition, the Court finds that the information sought is proportional to the needs of the case.[2]

3. The third issue in dispute (*i.e.*, relating to non-public documents from Avondale's other wage-and-hour litigation), insofar as it relates to actions filed in Court, is largely mooted by Defendant's response to Plaintiffs' Letter Motion. (*See* Def.'s 4/10/23 Ltr. Resp. at 3 (stating that there are no non-public depositions, orders or settlement agreements).)[3] With respect to interrogatory responses in the *Rodriguez* and *Sanfo*[4] actions, Defendant shall produce to Plaintiffs within 21 days of the date of this Order any such responses served by Defendant but only to the extent that such responses

---

[1] The Court does not address at this time Defendant's arguments regarding issues not raised in Plaintiffs' pending Letter Motion. The parties shall meet and confer on these issues and may raise any disputes about them with the Court thereafter.

[2] Defendant agreed to, and shall, provide to Plaintiffs job descriptions for the coordinators. (*See* Def.'s 4/10/23 Ltr. Resp. at 3.)

[3] Defendant shall produce unredacted copies of the Delfina Rodriguez deposition transcripts, since the versions on the public docket are redacted. *See Rodriguez v. Avondale Care Group, LLC, et al.*, 16-CV-03084 (AT) (S.D.N.Y.) (ECF No. 52-6, at PDF pp. 149-257; ECF No. 59-8; ECF No. 59-9, ECF No. 60-8; ECF No. 60-9).

[4] *Sanfo v. Avondale Care Group*, 21-CV-07267 (KPF) (S.D.N.Y.).

provide substantive information outside of the identity of witnesses and the calculation of damages. If Defendant's responses are limited to the identity of witnesses and/or the calculation of damages, Defendant shall so state to Plaintiff and shall be relieved of any obligation to produce such responses. With respect to the 19 identified arbitrations related to the *Mejia*[5] action, Defendant shall produce to Plaintiffs within 21 days of the date of this Order the arbitration demands, any awards issued and any settlement agreements executed, subject to confidential treatment pursuant to the terms of the Confidentiality Order previously entered in this action. (ECF No. 207.) The Court finds that the documents sought are relevant and proportional to the needs of the case.

4. With respect to the fourth issue in dispute, Defendant shall produce to Plaintiffs within 21 days of the date of this Order the requested organizational chart, which the Court finds is relevant and proportional to the needs of the case.

The parties' joint request to seal the redacted information contained in Exhibits 3 and 4 (ECF No. 221) is GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts

---

[5] *Mejia et al. v. Avondale Care Group, LLC et al.*, 20-CV-02884 (LJL) (S.D.N.Y.).

and circumstances of the particular case."). Here, the Court finds that the proposed redactions and sealing requests are narrowly tailored to prevent unauthorized dissemination of personal contact and patient information.

The parties shall meet and confer regarding a revised schedule for the completion of opt-in discovery and all other discovery and, no later than April 21, 2023, shall file a proposed, revised schedule for the Court's review.

**SO ORDERED.**

Dated:    New York, New York
          April 12, 2023

_____
STEWART D. AARON
United States Magistrate Judge