HERRICK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  04/19/2023
```

**Shivani Poddar**
**Partner**
Phone:  (212) 592.1446
spoddar@herrick.com

April 13, 2023

**VIA ELECTRONIC MAIL**

Honorable Stewart D. Aaron
United States Magistrate Judge, United States District Court, Southern District of New York
500 Pearl Street, New York, New York 10007

      Re:    *Severino v. Avondale Care Group, LLC (Index No. 1:21-cv-10720-LGS-SDA)*

Dear Judge Aaron:

We represent Defendant Avondale Care Group, LLC ("Avondale") in the above-referenced action.  We write to seek clarification of the Order, dated April 12, 2023, in two respects.

First, by way of background, Plaintiffs sought payroll, duty sheets, caregiver notes, benefits, and compensation information for all of the opt-ins (500+ individuals). (Dkt. No. 210). In response, Avondale argued that such documents should only be produced by a 5% sample of the opt-in collective, as the parties have agreed that a 5% sampling is appropriate. (Dkt. No. 220).  In the Order, Your Honor noted that the foregoing categories should be produced for "all opt-in Plaintiffs."  However, in footnote 1, You Honor also noted that "[t]he Court does not address at this time Defendant's arguments regarding issues not raised in Plaintiffs' pending Letter Motion. The parties shall meet and confer on these issues and may raise any disputes about them with the Court thereafter." (Dkt. No. 224).

We seek clarity on: (1) whether the Court has already considered Avondale's argument regarding the 5% sample with respect to the foregoing categories of documents and then ruled that such information should be produced for all opt-ins; or (2) whether the Court would like the parties to meet and confer on the sampling issue and then raise it with the Court thereafter, since the sampling was raised by Avondale only, and footnote 1 notes that any issues raised by Avondale only were not considered or addressed by the Court in its Order.

Second, in the Court's November 9, 2022 memo endorsement (Dkt. No. 158), this Court directed the parties to complete opt-in discovery by June 5, 2023. In Avondale's pre-motion response letter, Avondale sought a 3-month extension of the June 5, 2023 deadline—with Plaintiffs' consent—due to serious and extenuating circumstances, noting that of Avondale's 3-member legal team, I am on parental leave through the end of April, and another member



requires immediate medical leave due to serious, unforeseen medical issues, for an undetermined amount of time.[1]

In response to this request, the Court allowed the parties to meet and confer and submit a new discovery schedule for opt-in discovery and all other discovery. However, at the same time, the Court also imposed a 21-day deadline for Avondale to produce substantial amounts of opt in discovery (payroll, duty sheets, caregiver notes, benefits and compensation), shortening even the current June 5, 2023 deadline for completion of opt-in discovery (rather than providing an extension). Thus, Avondale seeks clarity as to whether the Court intended to impose a 21-day deadline to produce the foregoing opt-in discovery, or whether the Court intended for the parties to meet and confer and propose dates for production of the foregoing opt in information.

While Avondale is endeavoring to complete opt-in discovery expeditiously, unfortunately, it is simply not feasible for Avondale to assemble this vast amount of information for all the opt-ins (500+ individuals) from multiple vendors, review it and produce it in 21 days.[2] We respectfully request that the Court clarify that the production of the payroll, duty sheets, caregiver notes, benefits and compensation for all opt-ins is also subject to the extension request, or consider Avondale's request for an extension for this opt-in data also, sought for good cause at this difficult time.[3]

\*\*\*

We thank the Court for its time and consideration.

Yours,

*/s/ Shivani Poddar*
Shivani Poddar

For the sake of clarity, the Court has already considered Avondale's argument regarding the 5% sample with respect to the subject categories of documents and then ruled that such information should be produced for all opt-ins. Avondale's request to extend the deadline for production of the opt-in data is GRANTED. The parties shall meet and confer and propose by 4/21/2023 a date for the production of such data. SO ORDERED.
Dated: 4/19/2023

---

[1] If the Court requires more information, counsel is happy to so provide in a call with the Court.
[2] Even if the Court clarifies that production of this data is subject to the 5% sampling, 21 days is not sufficient to produce this information, given the extenuating circumstances.
[3] Given that Plaintiffs' attorneys have agreed to a 3-month extension, this should not be problematic for Plaintiffs attorneys either. Further, because the Court has already ruled that the parties meet and confer on all other discovery, including depositions, and propose a schedule, this extension does not pose hurdles for depositions either.