UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SEVERINO, individually and on behalf of all :
other similarly situated persons, :
                              Plaintiffs, :     21 Civ. 10720 (LGS)
                                        :
                -against- :        ORDER
                                        :
AVONDALE CARE GROUP LLC, :
                             Defendant. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on April 12, 2023, Magistrate Judge Aaron granted in part Plaintiffs' motion to compel Defendant to produce certain documents and information with respect to all opt-in Plaintiffs in this action brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

       WHEREAS, on April 26, 2023, Defendant timely filed an objection to Judge Aaron's April 12, 2023, Order on the grounds that representative sampling is "generally considered the most appropriate method of obtaining discovery relating to" FLSA actions involving many opt-in plaintiffs.

       WHEREAS, on May 3, 2023, Plaintiffs filed a response to Defendant's objection.

       WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes,

case law or rules of procedure." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal quotation marks omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (internal quotation marks omitted).

WHEREAS, an order regarding a motion to compel is nondispositive. *See SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2021 WL 391298, at *4-6 (S.D.N.Y. Feb. 4, 2021) (treating a dispute related to a motion to compel as nondispositive and affording deference to the magistrate judge's ruling).

WHEREAS, while courts have sometimes adopted a representative sample approach for discovery in FLSA collective actions, *see Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014), courts have employed a variety of approaches to individualized discovery in opt-in class actions. *See Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305, 2015 WL 1283681, at *2-3 (S.D.N.Y. Mar. 20, 2015) (collecting cases). Courts "must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery." *Id.* at *4.

WHEREAS, Judge Aaron's April 12, 2023, Order found the information sought to be "indisputably . . . relevant" and "proportional to the needs of the case." The parties agreed that discovery in general would be limited to a 5% representative sampling of the over 500 opt-in plaintiffs. However, Judge Aaron ordered discovery from 100% of opt-in plaintiffs for Payroll, Duty Sheets, Caregiver Notes (reflecting times clocked in and out), Benefits and Compensation documents. These documents appear to reflect, among other things, the hours that plaintiffs

worked and the compensation that they received. Consequently, the documents pertain directly to the amount of actual damages, which cannot be calculated on a representative basis. The amount of actual damages is critical, whether at trial or for meaningful settlement discussions. While a sampling of documents may reflect Defendant's general practices and procedures as they pertain to liability, a sampling will not prove the amount, if any, of damages. It is hereby

ORDERED that Defendant's objection to the April 12, 2023, Order at Dkt. No. 224 is OVERRULED. The April 12, 2023, Order, and its findings of relevance and proportionality, are not clearly erroneous or contrary to law.

Dated: May 10, 2023
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE