UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Keila Severino, individually and behalf of all other similarly situated persons,

                               Plaintiffs,

-against-

Avondale Care Group, LLC,

                               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/16/2023

1:21-cv-10720 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Keila Severino, Khady Gueye and Delsa Jimenez (collectively, "Plaintiffs"), bring this action individually, and on behalf of all others similarly situated, against Defendant Avondale Care Group, LLC ("Defendant"), pursuant to the Fair Labor Standards Act and the New York Labor Law. Pending before the Court is Defendant's Letter Motion regarding certain discovery disputes. (Def.'s 5/5/23 Ltr. Mot., ECF No. 246.) For the reasons stated on the record during today's telephone conference, it is hereby ORDERED, as follows:

1. Plaintiffs shall provide document discovery from (a) the individuals who filed declarations in support of Plaintiffs' motion for conditional certification; (b) 5% of the remaining individuals[1] who have filed consents to sue in this case (the "Opt-In

---

[1] For the avoidance of doubt, individuals who filed declarations shall be excluded from the population from which the 5% sample is chosen.

Plaintiffs"); and (c) any Opt-In Plaintiffs who Plaintiffs intend to call as witnesses at trial.[2]

2. The individuals identified in paragraph 1 above shall produce the agreed-upon categories of documents and also shall produce the requested telephone records that they have in their possession or that are readily acceptable by them from an online source. If those individuals do not have the telephone records in their possession or if they are not readily accessible by them, then they shall provide to Defendant the telephone number associated with any cell phones used by them during the relevant period, as well as the name of their cellular provider(s). Defendant thereafter may serve subpoenas on any providers identified by Plaintiffs in order to obtain relevant telephone records.

3. Defendant may take a total of 34 depositions. The depositions of Opt-In Plaintiffs shall be limited to 4 hours. All other depositions shall be limited to 7 hours in duration.

4. Khady Gueye shall make herself available for a remote deposition after her document production is complete.

5. Plaintiffs shall commence a rolling production of the documents from Opt-In Plaintiffs no later than May 30, 2023, and such production shall be completed by September 8, 2023.

The Court accepts for filing under seal Exhibit B to Defendant's reply, which exhibit was filed at ECF No. 256, since the unredacted exhibit would disclose patient names. *See Offor v.*

---

[2] If Plaintiffs fail to provide document discovery from an Opt-In Plaintiff, Plaintiffs shall be precluded from calling that individual as a witness at trial or from offering a declaration from such individual in response to any motion.

*Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information.").

The Clerk of Court is respectfully requested to terminate the gavel at ECF No. 246.

**SO ORDERED.**

Dated:    New York, New York
          May 16, 2023

_____
STEWART D. AARON
United States Magistrate Judge