USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Keila Severino, Khady Gueye and Delsa Jimenez, individually and behalf of all other similarly situated persons,**

                     **Plaintiffs,**

-against-

**Avondale Care Group, LLC,**

                     **Defendant.**

1:21-cv-10720 (SDA)

**FINAL ORDER AND JUDGMENT**

WHEREAS, in September 2023, Plaintiffs Keila Severino, Khady Gueye and Delsa Jimenez (the "Named Plaintiffs"), individually and on behalf of all similarly situated persons, on the one hand, and Defendant Avondale Care Group, LLC ("Avondale"), on the other hand, entered into a Settlement Agreement (Settl. Agmt., ECF No. 292-1); and

WHEREAS, on September 15, 2023, Named Plaintiffs filed a motion for preliminary approval of the class settlement (Pls.' 9/15/23 Mot., ECF No. 290), which Avondale did not oppose; and

WHEREAS, on September 20, 2023, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 of the Federal Rules of Civil Procedure class set forth therein; provisionally certifying the Settlement Class; appointing the law firms of Getman, Sweeney & Dunn PLLC and Bohrer Brady, LLC as Class Counsel; appointing Analytics LLC as Settlement Administrator; and authorizing notice to all Class Members (Prelim. Approval Order, ECF No. 296); and

WHEREAS, on October 2, 2023, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), notices were sent informing the appropriate state and federal Attorneys General about the Settlement (Simmons Decl., ECF No. 313, ¶ 5); and

WHEREAS, on January 17, 2024, the Named Plaintiffs filed a Motion for Final Approval of the Class Action Settlement, which Avondale did not oppose (Motion for Final Approval, ECF No. 310); and

WHEREAS, on January 17, 2024, Class Counsel filed a Motion for Award of Attorneys' Fees and Expenses to Class Counsel and Service Awards to the Named Plaintiffs, which Avondale did not oppose (Motion for Attorneys' Fees, Expenses & Service Awards, ECF No. 314); and

WHEREAS, the Court held a fairness hearing on January 31, 2024 at 11:00 AM (the "Fairness Hearing"), and no objections were lodged to the settlement, the service award or the attorneys' fees and expenses.

NOW, THEREFORE, having considered the Motion for Final Approval, the Motion for Attorneys' Fees, Expenses and Service Awards, the arguments presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown, it is hereby **ORDERED, ADJUDGED AND DECREED**, as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement and the Preliminary Approval Order.

2. The Court has jurisdiction over the subject matter of this action, Named Plaintiffs, the Class Members and Avondale.

3. For purposes of approving this settlement only, this Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are met, *to wit*:

    a. the Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law and fact common to the Class;

    c. the claims of the Named Plaintiffs are typical of the claims of the Class;

  d.  the Named Plaintiffs will fairly and adequately protect the interests of the Class;

  e.  questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and

  f.  a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All Avondale employees who worked a 24-hour live-in shift from December 15, 2015 through the date that the motion seeking preliminary approval of the settlement was filed (*i.e.,* September 15, 2023), as reflected in Exhibit A to the Settlement Agreement. Class Members do not include any former employees, who have settled any litigations or arbitrations against Avondale or have pending individual litigation against Avondale.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Named Plaintiffs are certified as the Class Representatives, and the law firms of Getman, Sweeney & Dunn PLLC and Bohrer Brady, LLC are certified as Class Counsel.

6. The Parties have complied fully with the notice provisions of CAFA.

7. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds that the Class Notice sent to the Class Members adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Fairness Hearing. The Class Notice also adequately

informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Class Notice provided to Class Members satisfied the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure.

8. The Court finds that there are no exclusions from the Settlement Class.

9. The Court finds the Settlement Agreement is fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The Court likewise finds that the resolution of the claims under the Fair Labor Standards Act ("FLSA") represent a fair and reasonable resolution of a *bona fide* dispute.

10. The Court finds that the Settlement Agreement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The Court also finds that the Settlement is substantively fair. The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), which provide the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given, among other factors: (a) the complexity, expense and likely duration of the litigation; (b) the stage of the proceedings; (c) the risks of establishing liability and damages; (d) the risks of maintaining the class action through the trial; (e) the lack of any objections; and (f) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463. Thus, the Court finds and concludes that the Settlement is fair, reasonable and adequate, and should be approved.

12. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

13. The Court approves of the release of the Released Claims, as defined in paragraph 24 of the Settlement Agreement. The Court finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Rule 23 of the Federal Rules of Civil Procedure.

14. The Court hereby grants final approval of the Settlement. The Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

15. By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the release set forth in paragraph 24 of the Settlement Agreement, as to all Class Members.

16. Plaintiffs' motion for attorneys' fees and reimbursement of expenses is GRANTED. Class Counsel is awarded $1,666,667.00 in attorneys' fees, consistent with the terms of the Settlement Agreement. The Court finds the amount of attorneys' fees to be fair and reasonable based on, among other things: (a) the number of hours worked by Class Counsel; (b) the results achieved on behalf of the Class; (c) the contingent nature of Class Counsel's representation; (d) the complexity of the issues raised; (e) a lodestar cross-check; and (f) Class Counsels' recognized experience and expertise in the market. *See Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir. 2000).

17. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $30,495.21, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this action.

18. The Service Awards in the amount of $15,000 each are approved and shall be awarded and paid to each respective Named Plaintiff according to the procedures set forth in the Settlement Agreement. Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as Settlement Shares and shall be paid from the Settlement Amount.

19. The Claims Administrator's costs of $16,606.07 are approved and shall be paid to the Claims Administrator according to the procedures set forth in the Settlement Agreement.

20. This action is dismissed in its entirety with prejudice, without any cost to any of the Parties except as otherwise provided in the Settlement Agreement.

21. Without affecting the finality of this Order and Judgment, the Court will retain jurisdiction over this action solely for purposes of (a) enforcing the Settlement Agreement, (b) addressing settlement administration disputes, and (c) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The parties shall abide by all terms of the Settlement Agreement and this Order and Judgment.

22. The Clerk of Court respectfully is requested to enter Judgment and close this case.

**SO ORDERED.**

Dated:   New York, New York
         January 31, 2024

_____
STEWART D. AARON
United States Magistrate Judge